

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ERIC TOUPS                                    CIVIL ACTION NO. 05-0968

VERSUS                                         DISTRICT JUDGE F. A. LITTLE, Jr.

TIM WILKINSON, et al                          U.S. MAGISTRATE JUDGE JAMES D. KIRK

Report and Recommendation

Before the court is plaintiff's motion for preliminary injunction, Doc. # 9. Plaintiff alleges

he is need of protective custody.

Plaintiff's entitlement to a preliminary injunction depends on a clear showing that: (1)

there is a substantial likelihood that he will prevail on the merits of his claim; (2) there is a

substantial danger that he will suffer irreparable injury if the injunction does not issue; (3) the

threatened injury to plaintiff outweighs any harm the injunction may cause the defendants; and

(4) granting the injunction will not dis-serve the public interest. Howard v. Town of Jonesville,

935 F.Supp. 855, 858-59 (W.D.La. 1996), citing Hull v. Quitman County Bd. of Educ., 1 F.3d

1450, 1453 (5th Cir. 1993), and Roho, Inc. v. Marquis, 902 F.2d 356, 358 (5th Cir. 1990).

Where the plaintiff establishes a constitutional violation after a trial on the merits, the

plaintiff will be entitled to permanent injunctive relief upon showing (1) a continuing irreparable

1

injury if the court fails to issue the injunction, and (2) the lack of an adequate remedy at law. The decision to grant or deny a preliminary or permanent injunction is within the sound discretion of the district court. Kallstrom v. City of Columbus, 136 F.3d 1055, 1067 (6th Cir. 1998), and cases cited therein. Also, Professional Sports, Ltd. v. Virginia Squires Basketball Club, Ltd. Partnership, 373 F.Supp. 946, 948 (W.D.Tex. 1974). In ascertaining the propriety of permanent injunctive relief, a court should consider (1) whether the plaintiff has succeeded on the merits, (2) whether plaintiff has an adequate remedy at law, (3) the public interest, and (4) the balancing of equities. State ex rel. Guste v. Lee, 635 F.Supp. 1107, 1125 (E.D.La. 1986). Whereas the essential finding that must be made to issue a TRO or a preliminary injunction is irreparable injury, the essential prerequisite to a permanent injunction is the unavailability of an adequate remedy at law. Irreparable injury is, however, one basis, and probably the major one, for showing the inadequacy of any legal remedy. Lewis v. S.S. Baune, 534 F.2d 1115, 1124 (5th Cir. 1976). Also, State ex rel. Guste, 635 F.Supp. at 1125. The inadequate remedy test looks to the possibilities of alternative modes of relief, however serious the initial injury. Lewis, 534 F.2d at 1124. Also, Justin Ind., Inc. v. Choctaw Securities, L.P., 747 F.Supp. 1218, 1220-21 (N.D.Tex.), aff'd, 920 F.2d 262 (5th Cir. 1990).

Plaintiff asserts that he should be in protective custody because he "used to work with the Jefferson Parish "Narcotics Division" and is "responsible for sending 20 to 25 people up state in 2002 and 2003". Plaintiff's complaint contains no showing of a specific danger or threat and no showing that he is likely to prevail on the merits. Until such showing can be made, no relief is available. In any event, plaintiff's requested relief is that he be transferred to another facility. The United States Supreme Court has held that it is for state prison authorities to decide where a state

prisoner is to be incarcerated and a prisoner has no right to challenge his place of incarceration. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741 (1983); Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532 (1976). Under Olim and Meachum, this court has no authority to order the state to transfer plaintiff to another prison. Accordingly, Toups' motion should be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 6th day of September, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE