U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 14 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ERIC TOUPS,<br>　　　Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. CV05-0968-A |
| VERSUS | |
| TIM WILKINSON, et al.,<br>　　　Defendants | JUDGE F. A. LITTLE, JR.<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a complaint filed pursuant to 28 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Eric Toups ("Toups") on June 3, 200. The named defendants are Tim Wilkinson ("Wilkinson") (warden of the Winn Correctional Center ("WCC") in Winnfield, Louisiana), Tim Keith ("Keith") (assistant warden of WCC), Angel Martin ("Martin") (assistant warden of WCC), Assistant Chief Glover (employed at WCC), Capt. Coleman ("Coleman") (employed at WCC), Officer Prince ("Prince") (a corrections officer employed at WCC), Tommy Foster ("Foster"), Ms. Howard ("Howard"), and Ms. Boyd ("Boyd") (nurses employed at WCC), Pat Thomas ("Thomas") (medical director of WCC), Kristi Paul ("Paul") and Ms. Russell ("Russell") (mental health employees at WCC), Corrections Corporation of America ("CCA") (operator of WCC), Chief Lucas (head of security at WCC), and Lt. Jordan ("Jordan") (a corrections officer employed at WCC).

Toups alleges in his complaint that, while he was incarcerated

in the WCC on May 15, 2005, he filed an emergency ARP request concerning the discontinuance of his medication, Klonopin (a Schedule IV narcotic), by the mental health department at WCC. Toups was concerned about experiencing withdrawal symptoms, but admits his Klonopin was subsequently reinstated. Toups also complains that the mental health department at WCC "prefers to 'sedate' inmates, refuses to implement any alternative therapy," and is understaffed. Toups also alleges that he was denied all medication on May 20, 2005 (not just Klonopin), and that he was written up for defiance and aggravated disobedience on May 23, 2005, by Lt. Beyer and Capt. Coleman, and was not permitted to make any phone calls. Toups contends he was convicted by the disciplinary board and sentenced, and complains he was denied due process at his disciplinary proceeding because he was not permitted to introduce testimony from a witness to the incident on May 20, 2005. Toups also alleges that Russell attempted to coerce Toups into dropping his grievance on June 3, 2005, and that Chief Lucas and Lt. Jordan threatened him. Toups further alleges that, after he filed his grievance, there was an increase in the number of aggressive, predatorial inmates sent to his living area, purportedly by the defendants, and contends Chief Lucas has not enforced security and control. Toups claims the WCC is understaffed with correctional officers, which exposes Toups to violence, and that WCC uses inmates to "guard" other inmates.

Toups alleges that, as a result, violence and infectious disease are widespread in WCC.

Although Toups indicates in his complaint that his request for relief is "attached," it is not in the record before this court. Toups is currently incarcerated in the WCC.

## Exhaustion

Section 1997e(a), as amended by the Prison Litigation Reform Act (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under Section 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is *mandatory*, irrespective of the forms of relief sought and offered through administrative remedies. Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819 (2001). The exhaustion requirement of 42 U.S.C. § 1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). Also, Clifford v. Gibbs, 298 F.3d 328, 330-331 (5th Cir. 2002); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Also, Days v. Johnson, 322 F.3d 863 (5th Cir. 2003). Resort to a prison grievance process must *precede* resort to a court. Porter, 534 U.S. at 529, 122 S.Ct. at 990.

On December 21, 2005, Toups filed a copy of his second step

3

response on his claim regarding discontinuance of his Klonopin, and on February 27, 2006, Toups filed a first step response regarding a claim as to his duty status. Since Toups is clearly still in the process of exhausting his claims through the prison administrative remedies, his claims are premature and are not properly before the court at this time.

Therefore, Toups' complaint should be dismissed without prejudice for failure to exhaust his administrative remedies. See Gates v. Cook, 376 F.3d 323, 329 (5th Cir. 2004)("the available administrative remedy must be pursued to its conclusion"), citing Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).[1]

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Toups' complaint be DISMISSED WITHOUT PREJUDICE for lack of exhaustion.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a

---

[1] In Wright, 260 F.3d at 358 n.2, the Fifth Circuit noted the exhaustion requirement of Section 1997e is not jurisdictional, and thus may be subject to certain defenses such as estoppel, equitable tolling, and waiver.

4

copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 14th day of March, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE